IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY JO MANNIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 5422 |
| v. ) | |
| ) | Magistrate Judge |
| DENTAL EXPERTS, LLC d/b/a ) | Maria Valdez |
| DENTAL DREAMS, LLC; and KOS ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Issue Additional Discovery [Doc. No. 65]. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

On October 3, 2017, the District Judge entered an order setting the close of fact discovery to April 30, 2018. Twelve days before the original discovery close date, Plaintiff filed a motion to extend the deadline by forty-five days and a motion to amend the complaint to add an FMLA claim. The District Judge granted the motion to extend discovery over Defendants' objection, and the fact discovery deadline was extended to June 15, 2018. The motion to amend was briefed, and the District Judge ultimately granted the motion on June 7, 2018 in open court. Although the District Judge asked Defendants during the hearing whether they would need additional

1

discovery in light of the amendment, the June 15 discovery close was not stricken or extended.

On May 25, 2018, after reviewing the depositions of Defendants' CEO; Plaintiff's immediate supervisor; and the supervisor's superior (which had taken place on April 6, April 9, and May 3), Plaintiff served on Defendants a notice of deposition pursuant to Federal Rule of Civil Procedure ("Rule") 30(b)(6). She asked that the corporate representative be presented for deposition on June 12, 2018. Defendants advised the witness could not be presented on that date, offering instead June 15 or 18 but also objecting to certain of the proposed deposition topics. After numerous Local Rule 37.2 conferences and a motion having been filed, the parties resolved the rider issues on June 22. The deposition of the corporate representative ultimately took place on July 6, 2018.

The case was referred to this Court for discovery supervision on June 13, 2018, and on July 9, 2018, Plaintiff filed a motion for clarification of the discovery cutoff date and/or for leave to issue additional discovery. In her motion, Plaintiff expressed confusion as to whether fact discovery was closed and stated that she wished to conduct additional discovery related to Defendants' corporate structure and corporate knowledge about their health plan and other topics. The Court denied Plaintiff's motion on July 10, explaining that discovery had already closed nearly a month earlier. The Court reminded Plaintiff's counsel at the hearing that any motion to reopen discovery must meet the excusable neglect standard. Seventeen days after that hearing, Plaintiff filed the present motion.

Plaintiff seeks to reopen the fact discovery deadline because the corporate representative deposed on July 6 was not able to provide details about Defendants' policies regarding FMLA leave, disability accommodation, documentation of employee performance, and attendance recordkeeping, as well as information about Plaintiff's job performance deficiencies.

## DISCUSSION

The decision whether to grant a motion to reopen discovery rests within the sound discretion of the court. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). Because the present motion was filed after the discovery deadline, determining whether to grant or deny the motion is governed by Rule 6(b), which provides that a court, in its discretion, may order an extension even after the expiration of a specified time period, but only for "good cause" and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has said that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, . . . [it] is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Thus, to determine whether a delay was caused by excusable neglect, courts must consider "all relevant circumstances surrounding the omission" including: (1) the danger of prejudice to the other party; (2) the length of the delay and its impact on the proceedings; (3) the reasons for the delay, including whether they were in the

3

"reasonable control of the movant"; and (4) whether the movant acted in good faith. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citing *Pioneer,* 507 U.S. at 395); *see Brooks v. Kmart Corp.*, 315 B.R. 718, 722 (N.D. Ill. 2004) (noting that the reason for delay is "arguably the most significant factor in the *Pioneer* test"); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule.").

Plaintiff claims there is good cause for her request because she was unaware she needed the additional information until the July 6 deposition, and her failure to seek relief before the June 15 discovery deadline "is excusable in light of Plaintiff's confusion as to the existence of a discovery deadline as well as by scheduling delays which postponed the corporate representative depositions so that Plaintiff was unaware of the need for additional discovery until after the expiration of the deadline." (Pl.'s Mot. at 2.)

The Court concludes that Plaintiff has failed demonstrate the delay resulted from excusable neglect. The deposition rider dispute and scheduling delays were not unreasonable or unexpected, and it was not excusable for Plaintiff not to consider short, routine delays in her deposition scheduling plan. Regardless, they were not the reason Plaintiff could not complete discovery before the deadline. The May 25

4

notice of Rule 30(b)(6) deposition asked Defendants to produce the corporate deponent on June 12, only three days before the close of discovery. Thus, even if the deposition had proceeded according to Plaintiff's plan, she allotted insufficient time for any reasonable follow up discovery. Plaintiff, however, did not seek an extension when she served her Rule 30(b)(6) notice. She also did not raise the issue with the District Judge at the June 7 hearing on her motion to amend. Although she verbally raised the potential need for an extension at the July 10 hearing before this Court, she did not actually file a motion until over two weeks later. This extreme delay is unexplained and unexcused. Plaintiff's additional contention, that she was confused about the discovery deadline – which was entered on the docket in response to Plaintiff's own motion – certainly does not amount to excusable neglect, and the argument scarcely warrants mentioning.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Issue Additional Discovery [Doc. No. 65] is denied.

**SO ORDERED.**   **ENTERED:**

*Maria Valdez*

**DATE:   August 29, 2018**   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**